**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

MICHAEL JEFFREY MOCK,

    Plaintiff,

    v.                                CAUSE NO. 1:19-CV-517-HAB-SLC

MITCH HICKS,

    Defendant.

**OPINION AND ORDER**

Michael Jeffrey Mock, a prisoner proceeding without a lawyer, is suing Attorney Mitch Hicks, the public defenders who represents him in his State criminal case. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Attorney Mitch Hicks was appointed to represent Mock in his pending State criminal case. Mock alleges that Attorney Hicks is not properly representing him and is unresponsive to his requests.[1] He alleges that his lawyer's actions violate his

---

[1] Although Mock also complains about the state court judge who is presiding over his case, Mock has not named the judge as a defendant in this action.

constitutional rights and have caused him severe emotional distress and loss of freedom. Mock requests $1 million and an order directing Attorney Hicks to provide him with the State's discovery materials.

"[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Here, the facts do not permit such an inference because a criminal defense attorney, even an appointed public defender, does not act under color of state law merely by representing his client. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). Mock's factual allegations against Hicks relate his legal representation—what he has done and what he has not done with respect to Mock's case. Mock cannot use a § 1983 action to sue Attorney Hicks in federal court for the purported violations of his constitutional rights brought about through Hicks' representation of Mock in his State criminal case.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

2

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the Complaint does not state a claim.

SO ORDERED on December 16, 2019.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT